Mr. Omid Youssefi, Defendant (in pro per)
20058 Ventura Blvd #204
Woodland Hills, CA 91364
Tel. - 818-266-7958
Email - corporateaccess28@gmail.com

DEFENDANT, IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

08/16/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___hc___ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BRAND Q. INC., a California corporation,

      Plaintiff,

      vs.

OMID YOUSSEFI, an individual,

      Defendant.

Case No. 2:22-01429-JAK-PVC

**ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSES**

Pursuant to Rule 8(b), Federal Rules of Civil Procedure, defendant Omid Youssefi answers the unverified Complaint ("Complaint") of plaintiff BRAND Q, INC. as follows:

1.      Paragraph 1 of the Complaint states general conclusions of law to which no response is required. To the extent Paragraph 1 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them. Defendant is without information or belief as to the existence or validity of any asserted copyrights or trademarks or rights thereto or to the extent the asserted causes of action are plausible and on that basis denies them.

2.      Paragraph 2 of the Complaint states general conclusions of law to which no response is required. To the extent Paragraph 2 may be construed as stating allegations of fact, Defendant admits he is a resident of Los Angeles County, California with a principal place of business at 20058 Ventura Blvd #204, Woodland Hills, CA 91364. To the extent Paragraph 2 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

3.     Paragraph 3 of the Complaint states general conclusions of law to which no response is required. To the extent Paragraph 3 may be construed as stating allegations of fact, Defendant admits he is a resident of California with a principal place of business at 20058 Ventura Blvd #204, Woodland Hills, CA 91364. To the extent Paragraph 3 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

4.     To the extent Paragraph 4 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

5.     To the extent Paragraph 5 may be construed as stating allegations of fact, Defendant admits he is an individual and a resident of Los Angeles County and has at some time has done business as "Powerful People Clothing," "Oliver George," and "Exclusive Distributor," provided however that Defendant is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in said paragraph and on that basis denies them.

6.     Paragraph 6 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact or a response is otherwise required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

7.     Paragraph 7 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact or a response is otherwise required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

8.     Paragraph 8 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required; to the extent they may be deemed allegations

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

of fact or a response is otherwise required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

9.    Paragraph 9 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

10.    To the extent Paragraph 10 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

11.    Paragraph 11 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

12.    Paragraph 12 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

13.    Paragraph 13 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

14.    Paragraph 14 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient

**ANSWER TO COMPLAINT**                                    Case No. 2:22-CV-01429-JAK-PVC

to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

15.    Paragraph 15 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

16.    Paragraph 16 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant admits he has purchased product from Plaintiff for resale, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

17.    Paragraph 17 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant admits he has sold on Amazon under the Amazon moniker "Exclusive Distributor" product purchased from Plaintiff, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

18.    To the extent Paragraph 18 may be construed as stating allegations of fact, Defendant admits he purchased product from other manufacturers that was sold on Amazon under the name "Oliver George," but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

19.    To the extent Paragraph 19 may be construed as stating allegations of fact, Defendant admits he sold Brand Q and Oliver George products "without issue" for years, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies them.

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

20.    Paragraph 20 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant admits sale of products purchased from other manufacturers under the Oliver George name, but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

21.    Paragraph 21 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

22.    Paragraph 22 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

23.    Paragraph 23 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

24.    Paragraph 24 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

**ANSWER TO COMPLAINT**                                    Case No. 2:22-CV-01429-JAK-PVC

25.    To the extent Paragraph 25 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

26.    Paragraph 26 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

27.    Paragraph 27 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

28.    Paragraph 28 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant admits Plaintiff's contention that the examples are "Non-representative," but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

29.    Paragraph 29 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

30.    To the extent Paragraph 30 may be construed as stating allegations of fact, Defendant incorporates by reference the admissions, denials, and other statements of paragraphs 1 – 29 in this Answer, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

**ANSWER TO COMPLAINT**                                            Case No. 2:22-CV-01429-JAK-PVC

31.     To the extent Paragraph 31 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

32.     Defendant denies the allegations of paragraph 32.

33.     Defendant denies the allegations of paragraph 33.

34.     Defendant denies the allegations of paragraph 34.

35.     Defendant denies the allegations of paragraph 35.

36.     To the extent Paragraph 36 may be construed as stating allegations of fact, Defendant incorporates by reference the admissions, denials, and other statements of the preceding paragraphs in this Answer, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

37.     Defendant denies the allegations of paragraph 37.

38.     Paragraph 38 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of paragraph 38.

39.     Paragraph 39 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

40.     Defendant denies the allegations of paragraph 40.

41.     Paragraph 41 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

42.     Paragraph 42 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

43.     Paragraph 43 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

44.     Paragraph 44 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

45.     To the extent Paragraph 45 may be construed as stating allegations of fact, Defendant incorporates by reference the admissions, denials, and other statements of the preceding paragraphs in this Answer, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

46.     Paragraph 46 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

47.     Paragraph 47 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

48.     Paragraph 48 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

49.     Paragraph 49 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

50.     Paragraph 50 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

51.     Paragraph 51 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

52.     To the extent Paragraph 52 may be construed as stating allegations of fact, Defendant incorporates by reference the admissions, denials, and other statements of the preceding

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

paragraphs in this Answer, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

53. Paragraph 53 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

54. To the extent Paragraph 54 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

55. Paragraph 55 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

56. Paragraph 56 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of paragraph 57.

58. Paragraph 58 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

59. Paragraph 59 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

60. Paragraph 60 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

61. Paragraph 61 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

**ANSWER TO COMPLAINT**                                      Case No. 2:22-CV-01429-JAK-PVC

62.    To the extent Paragraph 62 may be construed as stating allegations of fact, Defendant incorporates by reference the admissions, denials, and other statements of the preceding paragraphs in this Answer, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

63.    To the extent Paragraph 63 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

64.    To the extent Paragraph 64 may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

65.    Paragraph 65 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

66.    Paragraph 66 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

67.    Paragraph 67 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

68.    Paragraph 68 of the Complaint states allegations that constitute legal contentions and conclusions of law to which no response is required. To the extent this Paragraph may be construed as stating allegations of fact, Defendant is without knowledge or information sufficient

**ANSWER TO COMPLAINT**                                      Case No. 2:22-CV-01429-JAK-PVC

1    to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies

2    them.

3        69.    Paragraph 69 of the Complaint states allegations that constitute legal contentions

4    and conclusions of law to which no response is required. To the extent this Paragraph may be

5    construed as stating allegations of fact, Defendant is without knowledge or information sufficient

6    to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies

7    them.

8        70.    Paragraph 70 of the Complaint states allegations that constitute legal contentions

9    and conclusions of law to which no response is required. To the extent this Paragraph may be

10    construed as stating allegations of fact, Defendant is without knowledge or information sufficient

11    to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies

12    them.

13        71.    Paragraph 71 of the Complaint states allegations that constitute legal contentions

14    and conclusions of law to which no response is required. To the extent this Paragraph may be

15    construed as stating allegations of fact, Defendant denies the allegations of this paragraph.

16        72.    Paragraph 72 of the Complaint states allegations that constitute legal contentions

17    and conclusions of law to which no response is required. To the extent this Paragraph may be

18    construed as stating allegations of fact, Defendant is without knowledge or information sufficient

19    to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies

20    them.

21        73.    Paragraph 73 of the Complaint states allegations that constitute legal contentions

22    and conclusions of law to which no response is required. To the extent this Paragraph may be

23    construed as stating allegations of fact, Defendant is without knowledge or information sufficient

24    to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies

25    them.

26        74.    Paragraph 74 of the Complaint states allegations that constitute legal contentions

27    and conclusions of law to which no response is required. To the extent this Paragraph may be

28    construed as stating allegations of fact, Defendant is without knowledge or information sufficient

to form a belief as to the truth of the allegations contained in said paragraph and on that basis denies them.

## PLAINTIFF'S PRAYER FOR RELIEF

The twelve paragraphs under the heading "Prayer for Relief" are Plaintiffs' requests for relief to which no response is required, and all such requests should be denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Privilege)

Defendant was legally privileged to engage in the conduct of which Plaintiff complains.

### THIRD AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff does not have standing to assert the claims for relief in the Complaint, and does not have rights in the purported copyright and trademark.

### FOURTH AFFIRMATIVE DEFENSE
### (Third Party Liability/Joinder)

One or more third parties are liable for the conduct alleged and will be required to answer and indemnify Defendant, and Plaintiff has otherwise failed to join indispensable third parties.

### FIFTH AFFIRMATIVE DEFENSE
### (License)

Defendant has one or more license(s).

### SIXTH AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff authorized and consented to Defendants use of rights in trademarks and copyrights.

### SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff has unclean hands.

/ / /

### EIGHTH AFFIRMATIVE DEFENSE
### (Copyright Fair Use Doctrine)

Plaintiffs' claims for relief are barred, in whole or in part, by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

### NINTH AFFIRMATIVE DEFENSE
### (Laches)

The action is barred, in whole or in part, by the doctrine of Laches.

### TENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Plaintiffs action is barred, in whole or in part, by the doctrine of equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (No Willfulness)

Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

### TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's action is barred, in whole or in part, because any alleged infringement is barred by the statute of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and as set forth in California Civil Code §339(1).

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Copyright Invalidity/Unenforceability)

Plaintiff's action is barred, in whole or in part, because it has failed to properly register and/or has improperly registered the copyrights in the critical part or portions of their alleged protected products as set forth in their Complaint, which upon information and belief because such registration did not include a proper deposit and because such subject matter was created by third parties who have not properly assigned or licensed their rights to Plaintiff, and thus Plaintiff is not permitted to file this suit or maintain this action.

/ / /

/ / /

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Invalidity)

Plaintiff's claims are barred, in whole or in part, since critical elements, parts, or portions of their alleged protected copyrights are invalid due to consisting of un-protectable and/or public domain elements, parts, or portions and/or idea(s).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Misuse)

Plaintiffs have engaged in one or more acts that have misused their copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendants reserve the right to assert one or more antitrust related claims.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Deceptive Advertising)

Plaintiffs' claims are barred, in whole or in part, due to their deceptive and misleading advertising in connection with the distribution of all alleged copyrighted and/or trademarked works, which advertising includes public domain items asserted to be proprietary to Plaintiff, but which does not include notifications of Plaintiff's rights in the asserted copyright and/or trademark.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

If Plaintiff owns any enforceable or valid copyrights or trademarks in the products and/or registrations described in the Complaint, and if Defendant is found to have infringed such, then Defendant is an innocent infringer because Plaintiff has never marked and presently does not mark its products, its website, or its print or online advertising with any notice of its purported copyright and/or trademark. Further, Plaintiff never informed Defendant of any such rights prior to serving the Complaint on Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiffs waived their rights to claim copyright and trademark infringement.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Abandonment)

Plaintiffs have abandoned or forfeited their copyrights, if any, and their trademark rights, if

**ANSWER TO COMPLAINT**                                Case No. 2:22-CV-01429-JAK-PVC

any, by failure to enforce their rights, by allowing such putative rights to fall into the public domain, and by failing to maintain the quality of their products allegedly protected by trademark rights.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff's have acquiesced in any alleged copyright and trademark infringement.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

This action may be barred, in whole or in part, by the "first sale doctrine" because Defendant lawfully obtained and possessed one or more of Plaintiff's copyrighted works pursuant to 17 U.S.C. §109(a).

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Statutory Damages or Attorney's Fees Not Available)

Plaintiff is barred, in whole or in part, by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts of infringement occurred before first registration of the Plaintiff's alleged work.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Joinder)

Plaintiff has failed to join indispensable parties.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Ownership)

Plaintiff is not the owner of the Copyright at issue.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Public Domain)

Plaintiff's registered copyright and rights in copyright impermissibly incorporate elements taken from the public domain of many decades of identical and/or substantially similar paisley designs, which renders the such rights invalid and unenforceable and which bars this copyright infringement action, in whole or in part.

/ / /

/ / /

/ / /

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Merger)

Plaintiff's claims, including their assertion of copyright and trademark protection are barred, in whole or in part, by the doctrine of Merger.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Scenes-a-faire Doctrine)

This action is barred, in whole or in part, by the "scenes-a-faire" doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Copyright Invalidity)

Plaintiff's purported copyrights and registration are unenforceable and invalid.

### THIRTIETH AFFIRMATIVE DEFENSE
### (No Willful Infringement of Copyright or Trademark)

Defendant did not engage in willful infringement of any copyrights or trademarks.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Substantial Similarity)

Defendant did not make, use, or sell any products substantially similar to Plaintiff's alleged copyright or registration.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Abandonment)

Plaintiff's action is barred, in whole or in part, because it has abandoned its trademark rights.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Limited Description of Goods/Misuse)

Plaintiff's action is barred, in whole or in part, because it has misused its trademark rights and because its putative trademark registration is limited to "leather clothing, namely, shoes, belts, and suede jackets, in class 25 (U.S. CLS. 22 and 39)," and the Complaint fails to allege Defendants have infringed Plaintiff's rights in such products, and upon information belief consumers would not be confused.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Likelihood of Consumer Confusion)

Plaintiff's action is barred, in whole or in part, on the ground that Defendants did not engage in any conduct that is likely to cause consumer confusion.

16

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (No Distinctiveness or Secondary Meaning)

Plaintiff's alleged trademarks are not inherently distinctive nor have they acquired secondary meaning.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Trademark Fair Use)

Defendant is making and has made a descriptive fair use of the alleged trademark.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Infringement or Violation)

Plaintiff's action is barred, in whole or in part, on the grounds that Defendants did not engage in any activities that infringe upon, or violate, any of Plaintiff's rights.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's action is barred, in whole or in part, by the applicable statute of limitations as applied to any enforceable and valid trademark rights.

### THIRTY-NINTH AFFIRMATIVE DEFENSE
### (No Bad Faith)

Defendants did not engage in any bad-faith conduct.

### FORTIETH AFFIRMATIVE DEFENSE
### (Trademark Invalidity/Unenforceability)

Plaintiff's alleged trademarks are invalid and not enforceable.

### FORTY-FIRST AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiff's action is barred, in whole or in part, on the ground and to the extent that Plaintiff has not suffered any injury or damages as a result of any alleged acts or omissions by Defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE
### (Waiver/ Estoppel)

Plaintiff, by reason of its own actions and conduct, is barred, in whole or in part, from recovery on the grounds that Plaintiff waived its rights and/or is estopped from asserting its purported trademark rights.

/ / /

### FORTY-THIRD AFFIRMATIVE DEFENSE
#### (Delay/Acquiescence)

Plaintiff's claims are barred, in whole or in part, by its acquiescence to Defendants alleged conduct, and by its delay in bringing this action.

### FORTY-FOURTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

Plaintiff, by reason of its own actions and conduct, is barred, in whole or in part, from recovery because it failed, refused, and neglected to take reasonable steps to mitigate alleged damages, if any, thus barring or diminishing any recovery.  Plaintiff's recovery, if any, should be limited to such losses as could not have been prevented by such reasonable efforts or other actions that Plaintiff might reasonably have undertaken to mitigate damages.

### FORTY-FIFTH AFFIRMATIVE DEFENSE
#### (Contributory Fault)

If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by Plaintiff's and/or a third party's breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct, and not by Defendant.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
#### (Good Faith)

Defendant acted in good faith, exercised reasonable care, and complied with all duties owed by it, and did not know, or in the exercise of reasonable care, could have known that any acts or omissions infringed any valid or enforceable rights of Plaintiff as alleged in the Complaint.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Superseding or Intervening Causes)

Any loss, injury, or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from the negligent or willful acts or omissions of persons and/or entities that the Defendant neither controlled nor had the duty and/or right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of the Defendant.

/ / /

**ANSWER TO COMPLAINT**                                   Case No. 2:22-CV-01429-JAK-PVC

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (Speculative Damages)

The damages claimed by Plaintiff in the Complaint are speculative.

### FORTY-NINTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

Defendant did not cause the injuries or damages alleged by Plaintiff, or any injuries or damages at all.

### FIFTIETH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

Plaintiff's alleged injuries were proximately caused or contributed to, in whole or in part, by its voluntary assumption of risks of which it knew or reasonably should have known.

### FIFTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Proximate Cause)

Defendant alleges that it was not legally responsible in any fashion with respect to damages and injuries claimed by Plaintiff; however, if Defendant is found to be legally responsible, then Defendant provisionally alleges that its legal responsibility is not the sole and proximate cause of the incident, and that the damages awarded to Plaintiff, if any, are to be apportioned according to the respective fault and legal responsibility of all parties, persons, and entities, or the agents, servants, and employees who contributed to and/or caused said incident, according to proof presented at time of trial.

### FIFTY-SECOND AFFIRMATIVE DEFENSE
### (No Factual Causation)

Defendant alleges that the incident alleged in the Complaint did not happen as alleged.

### FIFTY-THIRD AFFIRMATIVE DEFENSE
### (No Duty of Care)

Defendant had no duty of care toward Plaintiff with regard to the acts or omissions alleged in the Complaint.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE
### (Claims Enjoined/Barred)

Defendant alleges that Plaintiff is enjoined from bringing the claims in this action and that

**ANSWER TO COMPLAINT**                    Case No. 2:22-CV-01429-JAK-PVC

the claims, in whole or in part, are barred, discharged, released, compromised, satisfied, waived, and estopped, and/or are subject to the principles of res judicata and collateral estoppel, in whole or in part, by settlement of and court orders issued in other actions on the same copyright and trademark rights asserted in the Complaint.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction)

Defendant alleges that that the Plaintiff's claims are barred by the doctrine of accord and satisfaction to extend the Complaint relies on any purported agreement.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE
### (Conduct of Employees/Third Parties)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Plaintiff's, own conduct and/or the conduct of third parties was the sole and proximate cause, or a contributing proximate cause, of whatever loss Plaintiff has allegedly incurred and/or will allegedly incur, if any.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendant alleges that any injuries allegedly suffered by Plaintiff were not proximately caused by any conduct on the part of Defendant.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE
### (Justification)

Defendant alleges that Plaintiff is not entitled to any relief and/or recovery from Defendant since any acts and/or omissions alleged in the Complaint were legally and factually justified.

### FIFTY-NINETH AFFIRMATIVE DEFENSE
### (Defendant Excused)

Defendant alleges that any purported act or omission on the part of Defendant was excused by the actions of Plaintiff.

### SIXTIETH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

Defendant alleges that the Plaintiff is not entitled to recovery from Defendant to the extent that the alleged conduct could have been avoided by, among other things, utilizing Plaintiff's own

internal policies and procedures and/or any purported terms and conditions of the alleged agreement.

### SIXTY-FIRST AFFIRMATIVE DEFENSE
### (Reasonable Business Judgment)

Defendant alleges that he was fully justified, and exercised reasonable care, prudence, skill and business judgment with respect to Plaintiff's alleged acts and omissions of the Complaint.

### SIXTY-SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

Defendant alleges that the Complaint and every claim contained therein is barred, in whole or in part, because any recovery from Defendant would result in the unjust enrichment of the Plaintiff.

### SIXTY-THIRD AFFIRMATIVE DEFENSE
### (Relief Unavailable)

Defendant alleges that the relief requested in the Complaint, in whole or in part, is barred by the unavailability of the relief requested.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE
### (Misrepresentation)

Defendant alleges on information and belief that the Complaint and each purported cause of action therein are barred, in whole or in part, by misrepresentations made by Plaintiff.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE
### (No Relationship)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's relationship to Plaintiff does not cause or allow Defendant to have any liability to Plaintiff.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Perform)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure of performance under the terms of the purported agreement.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE
### (Vague, Ambiguous and Indefinite Terms)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, because the terms

**ANSWER TO COMPLAINT**                              Case No. 2:22-CV-01429-JAK-PVC

and conditions of the alleged agreement are unknown, impermissibly vague, ambiguous, and indefinite.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE
### (Novation)

Defendant alleges That Plaintiff's claims are barred, in whole or in part, on the grounds of novation.

### SIXTY-NINTH AFFIRMATIVE DEFENSE
### (No Interest)

Defendant alleges that Plaintiffs fail to state a claim upon which any interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of interest.

### SEVENTIETH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Defendant alleges that Plaintiff is barred from pursuing his claims arising under any alleged oral agreement because any such alleged oral agreement is unenforceable pursuant to the Statute of Frauds.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE
### (Mistake)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, by a mutual and/or unilateral mistake of fact and/or mistakes of law.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE
### (Reservation)

Defendant reserves its right to amend its Answer and to assert additional defenses and/or to supplement, alter or change this Answer at any time and/or upon completion of appropriate investigation and discovery, up to and including the time of trial.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE
### (Reversed Affirmative Defenses)

Defendant alleges as a separate and distinct affirmative defense that Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

1    WHEREFORE, Defendant prays as follows:

2    1. That Plaintiff take nothing by way of the Complaint as a result of its allegations against

3  Defendant;

4    2. That the Complaint and action be dismissed with prejudice against Defendant;

5    3. That judgment be entered in favor of Defendant and against Plaintiff;

6    4. That Defendant recover its attorney's fees and costs of suit herein incurred, including

7  reasonable attorneys' fees; and

8    5. For such other and further relief as the Court deems just and proper.

9

10    Defendant demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the

11  7th Amendment to the United States Constitution.

12

13  DATED:  August 15, 2022              By:    /s/ Omid Youssefi

14                                       Mr. Omid Youssefi, Defendant (in pro per)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**                                  Case No. 2:22-CV-01429-JAK-PVC

## **PROOF OF SERVICE**

I am the above-captioned Defendant. I am over the age of 18 and a party to the within action. My business address is 20058 Ventura Blvd #204, Woodland Hills, CA, 91364.

On August 15, 2022, I electronically served by the U.S.D.C. PACER ECF system and by electronic mail, the within document(s) described as:

ANSWER TO COMPLAINT & AFFIRMATIVE DEFENSES; PROOF OF SERVICE

on the interested parties in this action as stated below:

DONIGER / BURROUGHS
Stephen M. Doniger (SBN 179314)
    stephen@donigerlawfirm.com
603 Rose Avenue
Venice, California 90291
*Attorney for Plaintiff BRAND Q, INC.*

(BY ELECTRONIC MAIL & USDC PACER ECF SYSTEM) By sending by electronic mail and uploading to the U.S.D.C. Central District California PACER ECF system a true copy of the foregoing document(s).

Executed on August 15, 2022, at Encino, California.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

By: /s/ Omid Youssefi
        Omid Youssefi (In Pro Per)

**ANSWER TO COMPLAINT**                                        Case No. 2:22-CV-01429-JAK-PVC